UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1212 CDP |
| | ) |
| HOME LOAN CENTER, INC, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Home Loan Center mailed Thomas Klutho a document telling him that he had been pre-approved for its "SmartLoan" program. Klutho alleges that Home Loan Center violated his rights under the Fair Credit Reporting Act because it obtained information about his credit without his consent in order to send him the mailing. Home Loan Center moves to dismiss, arguing that it was allowed to access Klutho's credit information because the mailing constituted a "firm offer of credit" as defined by the Act. Home Loan Center also argues that Klutho's complaint is deficient because it fails to allege that he suffered any actual damages. I conclude that the offer here was so vague that it lacked any value to a consumer, and so Klutho has stated a claim. I also conclude that actual damages are not required under this particular statutory claim. I will therefore deny the motion to dismiss.

**I.    Background**

The complaint alleges that Klutho received a "prescreened" promotional letter from Home Loan Center. Klutho alleges that Home Loan Center accessed his credit report without his consent to obtain the information for this prescreening. On the front side in the upper right-hand corner there is a box. Above the box is the statement: "Your property at . . ." and then inside the box are the words "has been pre-approved," followed by a table showing various loan amounts, payments, and the phrase "SmartLoan program 1.5%/5.646% APR*." The letter then says:

> Are you shopping for a new mortgage? Or getting ready to buy a new home? If so, you've been pre-approved to receive HomeLoanCenter.com's exclusive SmartLoan Program. With this offer, you can lower your interest rate and reduce your monthly payment with the option to get extra cash to pay off your debt, make home improvements, or take a vacation. Please use the payment schedule above to see how low your new payment could be. . . .
>
> Call us toll free today . . . or apply online . . . and speak with one of our Mortgage Experts. We can pre-qualify you right over the phone in minutes and provide you with a customized loan program that suits your needs.

At the bottom of the front side of the mailer is an asterisk and a notation to "See reverse for Important Information." The reverse side of the mailer sets forth additional restrictions and conditions, including that "All loans will be secured by

a lien against your property.  Not all applicants will be approved.  Terms and conditions apply, call for details."  The mailer further states:

> This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria.  This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral.
>
> . . .
>
> This offer has been extended because credit criteria have been satisfied for the offer.  This offer may not be extended if, after responding to this offer, you do not meet the criteria used in the selection process.  Further, HomeLoanCenter.com will verify income and employment, review credit, and analyze debt and your equity position in the subject property prior to final loan approval. . . . This advertisement does not constitute an offer to enter into an interest rate and/or discount point agreement.

Additionally, the mailer also specifies, "The APR and payment will vary based on the specific terms of the loan selected and verification of information and credit. Rates are subject to change without notice."

## II. Motion to Dismiss Standards

Home Loan Center has moved to dismiss the complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6), Fed. R. Civ. P.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it

to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).  When considering a motion pursuant to Rule 12(b)(6), a court must assume the factual allegations of a complaint are true and must construe those facts in favor of the plaintiff.  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

When ruling on a motion to dismiss, a court must primarily consider the allegations contained in the complaint, but other matters referenced in the complaint may also be taken into account.  Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000).  "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Fed. R. Civ. P. 10(c).  Because the mailer is attached as an exhibit to Klutho's complaint, I may consider its terms in ruling on the motion to dismiss.  See Centers v. Centennial Mortg., Inc., 398 F.3d 930, 933 (7th Cir. 2005) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to relief.").

### III. Discussion

#### A. Firm Offer of Credit

Congress passed the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to preserve consumer privacy in the information maintained by consumer

reporting agencies.  See § 1681(a)(4) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy").  The act sets out certain permissible purposes for which a consumer reporting agency may release credit reports, and prohibits other releases.  § 1681b(a).  Most of the permissible purposes involve situations where the consumer has authorized or initiated the release, but there are exceptions.

One of the exceptions allows a credit provider to access consumer information in order to make a "firm offer of credit."  15 U.S.C. § 1681b(c)(1)(B)(i).  This provision enables a credit provider such as Home Loan Center to provide certain criteria to a credit agency and then to receive – without the consumers' consent – basic contact information about consumers who meet those criteria.  The exception does not allow a potential lender to access the full credit report, but instead allows it to obtain the consumer's name, address, and other information that does not identify any particular past credit transaction of that consumer.

In creating this exception, Congress allowed lenders such as the defendant to access credit reports for the purpose of making unsolicited mailings to consumers, so long as the lender actually offered the consumer something, that is,

so long as the lender made a "firm offer of credit." As one court has noted, Congress "balanced any privacy concerns created by pre-screening with the benefit of a firm offer of credit or insurance for all consumers identified through the screening process." Cole v. U. S. Capital, Inc., 389 F.3d 719, 725 (7th Cir. 2004) (quoting S. Rep. No. 103-209, 13 (1993)). "Congress apparently believes that people are more willing to reveal personal information in return for guaranteed offers of credit than for catalog and sales pitches." Trans Union Corp. v. FTC, 267 F.3d 1138, 1143 (D.C. Cir. 2001).

Congress, however, did not specify what, if any, credit terms had to be included for something to be a "firm offer." The statute does not say that the loan amount, interest rate, or a payback period be stated. Instead, the FCRA defines "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l). The statute provides that the offer may be conditioned on three specific requirements. First, the creditor may apply additional pre-selection criteria relating to the consumer's creditworthiness. § 1681a(l)(1). Second, the offer may be conditioned on verification "that the consumer continues to meet the specific criteria used to select the consumer for

the offer." § 1681a(l)(2). Finally, the firm offer may be conditioned on the consumer's furnishing any collateral that was established before the selection of the consumer for the offer and was disclosed in the offer. §1681a(l)(3).

Klutho is one of many plaintiffs who have recently filed actions under the statute after receiving unsolicited mailings from companies seeking to lend them money. Courts deciding whether a particular flyer fits the "firm offer of credit" exception have struggled to articulate a consistent definition or test. I have not located any case within the Eighth Circuit deciding this issue, and the parties have cited none. I must therefore look to the law that has developed in other circuits on this issue, as well as to the plain language of the statute. After doing so I conclude that a firm offer of credit must have some value to a consumer that is more than nominal, and that Home Loan Center's offer here does not meet this test.

The "some value" test comes from Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004). In Cole the court held that an unsolicited mailing offering a $300 credit that could only be used to purchase a vehicle at a particular car dealership did not have any value to the consumer, and therefore was not covered by the FCRA exception.[1] The court rejected the defendant's argument that some offer of

---

[1] The Cole mailing appeared to offer other things, including a $2000 limit credit card and $19,500 auto financing, but because the flyer also said that approval of those offers was not guaranteed, the Court considered only whether the $300 credit had value.

guaranteed credit – no matter how small – met the statutory definition, because that would allow anyone to access a consumer's credit report simply by offering, for example, one dollar in guaranteed credit. So, the court reasoned, there must be "sufficient value for the consumer to justify the absence of the statutory protection of his privacy." Id. at 726. Otherwise an offer of credit would be no more than a sham, or the equivalent of an advertisement. " . . . Congress did not intend to allow access to consumer credit information 'for catalogs and sales pitches.'" Id. at 727 (quoting Trans Union, 267 F.3d at 1143). Courts must look to the entire offer and all material conditions of the credit product to make this determination. If the offer was "a guise for solicitation rather than a legitimate credit product" it cannot be a firm offer. Id. at 728. Additionally, the Court noted that terms such as interest rate, methods of computing interest, and length of repayment "may be so onerous as to deprive the offer of any appreciable value." Id.

The Seventh Circuit noted, in Murray v. GMAC Mortgage Corp., 434 F.3d 948, 955-56 (7th Cir. 2006), that the value of an offer is an objective standard, and stated that courts should look to the four corners of the offer to determine whether it has value. More recently, in Perry v. First National Bank, 459 F.3d. 816 (7th Cir. 2006), the court found that an offer of a $250 limit credit card had sufficient value to fit the statutory exception, even though the interest rate was 18.9% and

the fees would result in the consumer being billed $175 in the first monthly bill.

Several cases have interpreted <u>Cole</u> strictly, and have held that there can be no firm offer unless all material terms such as amount and interest rate are defined. For example, in <u>Hernandez v. Chase Bank USA, N.A.</u>, 429 F. Supp. 2d 983 (N.D. Ill. 2006), the court found no firm offer of credit in a flyer stating that the recipient had been "pre-qualified for up to $100,000 or more" to be secured by the recipient's residence. The court held that the terms of the loan were so vague that they had no value to a consumer. The loan would only be issued depending on information to be provided by the consumer, and the terms could be changed without notice. 429 F. Supp. 2d at 988. In <u>Murray v. E*Trade Financial Corp.</u>, 2006 WL 2054381 (N.D. Ill. July 19, 2006), the court interpreted <u>Cole</u> to say that there is no value if the interest rate or repayment provisions are not included. <u>Id.</u> at *3. In <u>Murray v. Finance America, LLC</u>, 2006 WL 862832 (N. D. Ill. April 4, 2006), there was no firm offer where the amount of the loan, the interest rate, and length of time were not specified.

On the other hand, several courts have granted motions for summary judgment or to dismiss, finding that the firm offer of credit exception applied. For example, in <u>Murray v. HSBC Auto Finance, Inc.</u>, 2006 WL 2861954 (N.D. Ill. Sept. 27, 2006), the Court found a firm offer of credit where the flyer said the

person had been pre-selected for an auto refinance loan in a minimum amount of $5000. The flyer also stated that the recipient might be able to reduce her rate by as much of 5.04%, and that percentage was based on the average rate reduction obtained by the defendant's customers. The court in <u>Bonner v. Cortrust Bank, N.A.</u>, 2006 WL 1980183 (N. D. Ind. July 12, 2006), which was decided before the Seventh Circuit's <u>Perry</u> case, considered a credit card offer similar to that in <u>Perry</u> and concluded that it met the firm offer of credit definition. In <u>Purkowski v. Irwin Home Equity Corp.</u>, 423 F. Supp. 2d 1053 (N. D. Cal. 2006), a mailer offering a minimum 20-year, $15,000 line of credit with a maximum interest rate of 24% was a firm offer of credit. Similarly, in <u>Soroka v. Homeowners Loan Corp.</u>, 2006 U.S. Dist. Lexis 38847 (M.D. Fl. June 12, 2006), the offer was for a home loan of $55,000, and the offer stated that the funds could be used for any purpose. <u>Id.</u> at *9. The offer did not contain the interest rate and payback time. Yet the court still found that the offer had value. <u>Id.</u> It pointed out that "Every consumer and every lender has a common understanding that home loans are made for a definite period of time, that banks charge interest for lending money, and that interest rates are subject to change." <u>Id.</u> The failure to include this information was not fatal because while those terms "were not disclosed on the face of the offer, the material terms were ascertainable with minimal effort." <u>Id.</u>

Home Loan Center argues that the reasoning in Soroka and Putkowski entitles it to dismissal. The court in Soroka recognized that home loans differ from credit cards and that the degree of firmness that can be fairly demanded of an offer of credit varies with the type of credit being offered because "[t]he value of the property which secures the loan is [a] ... critical piece of information as to the amount of the loan that may be extended." Soroka, 2006 U.S. Dist. Lexis at *10. While I recognize that credit cards are different from home mortgages, I find this distinction does not answer the question whether the offer here had any value to the consumer. Under the Congressional definitions and the purpose of the statute, I must determine whether there is value in this offer sufficient to distinguish it from a sales pitch. I conclude that there is not.

Here, all that the letter contains is a statement that Klutho has been preapproved to receive Home Loan Center's SmartLoan. There is no explanation for what the "SmartLoan program" is. Nothing indicates that Klutho was eligible for loans in the amounts listed in the box, or even that the value of his house is somehow tied to any loan offer. The mailing lists some interest rates, and the fine print on the second page contains an incomprehensible statement about interest rates, but it then states that "Rates are subject to change without notice."

Defendant argues that because its product relates to a home mortgage, it

passes muster as a firm offer of credit, but I find nothing in the act that allows such a broad interpretation of "firm offer." Telling Klutho that he has been pre-approved for some kind of home loan, in some amount, is of no more value than the car loan offer in Cole: for all Klutho could tell from the mailing, Home Loan Center might be offering him a loan of one dollar or some other nominal value. When the mailing is evaluated objectively and its entirety, it provides no basis for a consumer to regard it as an offer having any value, and there is nothing to distinguish it from any other unsolicited advertisement. Since Home Loan Center allegedly accessed Klutho's credit report to get the information it needed to send him the mailing, he has stated a claim for a violation of his rights under the Fair Credit Reporting Act.

### B. Actual Damages

Home Loan Center next argues that proof of actual damages is a requirement for recovery under FCRA even for willful violations of the statute. In support of this argument, Home Loan Center cites Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d 603, 610 (7th Cir. 2005). Ruffin-Thompkins was a suit against a credit reporting agency for violation of its obligations under § 1981i regarding the provision of accurate credit information. The Circuit Court affirmed the grant of summary judgment, finding, among other things, that the plaintiff had

failed to show willfulness or actual damages. The Seventh Circuit clarified, in Murray v. GMAC, that a consumer receiving a solicitation in the guise of a "fair offer of credit" was entitled to seek statutory damages without proof of actual damages: "That actual loss is small and hard to quantify is why statutes such as the Fair Credit Reporting Act provide for modest damages without proof of injury." 434 F.3d at 952-953. This is consistent with the plain text of the statute, which states that a plaintiff proving a willful violation may recover actual damages or statutory damages, whichever is greater. 15 U.S.C. § 1681n(a). Accord, Bernal v. Corestar Financial Group, 2006 WL 2038195 (E.D. Wis. July 20, 2006); Bonner v. Home123 Corp., 2006 U.S. Dist. LEXIS 37922 (N.D. Ind. May 25, 2006); Hernandez, 429 F. Supp. 2d at 989; Treble v. Town & Country Credit Corp., 2006 U.S. Dist. Lexis 1835, at *3 (N.D. Ill. January 18, 2006); Murray v. New Cingular Wireless Servs., Inc., 232 F.R.D. 295, 302-03 (N.D. Ill. 2005). Therefore, I will deny Home Loan Center's motion to dismiss on this ground as well.

**IT IS HEREBY ORDERED** that Defendant Home Loan Center's motion to dismiss [#2] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2006.