UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1212 CDP |
| | ) |
| HOME LOAN CENTER, INC, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Thomas Klutho claims that defendant Home Loan Center willfully violated the Fair Credit Reporting Act when it accessed his credit in order to mail him a "prescreened" loan solicitation. The document HLC sent Klutho told him he had been pre-approved for its "SmartLoan" program, and I previously denied HLC's motion to dismiss, ruling that the document did not meet the FCRA's "firm offer of credit" exemption. Klutho now seeks partial summary judgment on the same basis, and HLC has also moved for summary judgment. HLC argues that when considered in context, the letter was a "firm offer of credit," and alternatively, that any violation of FCRA was not "willful." Klutho's complaint seeks statutory damages for a willful violation; it does not allege negligence or actual damages. Thus, Klutho's entire claim fails if the violation was not willful. I agree with HLC that the undisputed evidence shows its actions do not meet the

definition of willfulness recently articulated by the Supreme Court in <u>Safeco Inc. Co. of Am. v. Burr</u>, 551 U.S. 1 (2007). I will therefore grant HLC's motion without reexamining the "firm offer of credit" issue.

**Background**

Klutho received a "prescreened" promotional letter from HLC. As with many similar promotions, the lender accessed Klutho's credit report without his knowledge or consent to obtain the information for this solicitation. The letter, which was sent in December of 2005, notified Klutho that his property had been "preapproved" under HLC's "SmartLoan program 1.5%/5.646% APR*." It did not explain what the "SmartLoan program" was, nor did it say that he was eligible for any particular amount or any particular rate.

On November 1, 2006, I denied HLC's motion to dismiss. In that order I concluded that the mailer was not a "firm offer of credit" because it did not contain value that was more than nominal. Klutho now moves for partial summary judgment on that same basis. HLC, on the other hand, now argues that I should consider all of the facts surrounding the mailer, not just the face of the mailer itself. HLC argues that when the context is considered, the letter was a "firm offer of credit" because there is no evidence that it would not have been honored. Additionally, HLC argues that even if its mailer is determined not to be a "firm

offer of credit," Klutho cannot establish willfulness under the FCRA.

Klutho did not respond to the mailer or seek a loan. HLC's undisputed evidence shows that before sending the mailer, it had the mailer reviewed by counsel and others to ensure compliance with the FCRA. Klutho disputes whether this review was reasonable. It is undisputed that the SmartLoan was a thirty year adjustable rate loan secured by a first mortgage on a primary residence, that HLC only sent the mailer to Missouri homeowners with mortgage balances of at least $110,000, and that other borrowers who received the mailer obtained loans for a substantial amount of money from HLC.

## Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by

affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

The FCRA was intended to protect consumer privacy by restricting access to consumer credit reports. See 15 U.S.C. § 1681(a)(4). Congress created the "firm offer of credit" exception so that lenders such as HLC could obtain limited credit information about consumers in order to make unsolicited offers. Congress, however, did not specify what, if any, credit terms had to be included for something to be a "firm offer," so there has been considerable litigation over the provision.

In my earlier ruling in this case, I concluded that the solicitation here was no more than a sales pitch, and that it did not provide an offer having any real value to the consumer. In doing so I followed the rationale set out by the Seventh Circuit in Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004) and cases following it. Other courts, however, have disagreed with this approach, concluding that courts requiring "some value" are adding language to the statute that Congress did not put there. See, e.g., Villagran v. Freeway Ford, Ltd., 2007 WL 2688432 (S.D. Tex. Sep. 10, 2007); Dixon v. Shamrock Financial Corp., 482

F. Supp. 2d 172 (D. Mass. Apr. 20, 2007); Nasca v. J. P. Morgan Chase, N.A., 2007 WL 678407, at *3-4 (S.D.N.Y. March 5, 2007); Putkowski v. Irwin Home Equity Corp, 423 F. Supp. 2d 1053 (N.D. Cal. 2006); Soroka v. Homeowners Loan Corp., 2006 WL 4031347 (M.D. Fl. June 12, 2006). The Eighth Circuit has not considered this issue, and there is no doubt that the law is unsettled. I need not revisit my earlier definition of "firm offer of credit," however, because summary judgment is appropriate unless Klutho can show that any violation was willful.

Under the FCRA, a plaintiff may recover either actual or statutory damages. If a plaintiff's complaint contains allegations of actual damages, the plaintiff may recover based on the defendant's negligence. 15 U.S.C. § 1681o. Where, as here, only statutory damages are plead, the plaintiff must establish willfulness. 15 U.S.C. § 1681n. Klutho's complaint only alleges that defendant committed a willful violation, and it seeks only statutory damages under § 1681n.[1] Klutho does not allege negligence, he does not allege any actual damages, and he does not seek to recover under § 1681o. Therefore, Klutho must establish that HLC's actions were willful in order for his claim to withstand summary judgment.

In Safeco, the Supreme Court interpreted "willfully" under the FCRA and

---

[1] Klutho's complaint actually cites to "16 U.S.C. § 1681n." I assume that this reference was intended to be to Title 15, not to Title 16; the parties' motions and briefs have made the same assumption.

held that liability could be based not only on a defendant's knowing violation of the statute, but also on acts that were undertaken with reckless disregard of the statutory duties. 127 S.Ct. at 2208. In this case, there is no allegation that HLC knew that its actions violated the FCRA, so the only question is whether HLC was reckless in believing that the mailer in question did not violate the law. Safeco discussed several factors that could be considered to answer this question, including the reasonableness of the defendant's rationale based on the statutory text, the likelihood that the defendant's interpretation would convince a court, and the absence of judicial or administrative guidance. Safeco, 127 S. Ct. at 2215-16.

As discussed above, the statute does not define what loan terms must be included for a "firm offer of credit," and so HLC's interpretation is not contradicted by the statutory text. The Eighth Circuit has not ruled on this issue, and, as discussed above, other courts have reached differing results. HLC has provided evidence that its reviewing lawyer believed that the Seventh Circuit holding in Cole was limited to the context of auto loans and did not apply to home mortgage loans. Plaintiff argues that this was not reasonable, and that a fact issue exists for a jury. However, it is undisputed that even within the Seventh Circuit some courts have found flyers very similar to the one here to meet the "firm offer" definition. See Cavin v. Home Loan Center, Inc., 469 F. Supp. 2d 561 (N.D. Ill.

2007).

HLC's interpretation is not only likely to convince a court, it *has* convinced courts. Because several courts have agreed with HLC's interpretation, HLC's position cannot be said to be objectively unreasonable. See Murray v. GMAC Mortgage Corp., 2007 WL 2317194, at *5 (N.D. Ill. July 23, 2007) (stating that "the fact that at least some judges faced with similar facts found in favor of Defendant's view argues against a finding of recklessness"). Plaintiff's arguments that this is an unreasonable position do not create a genuine dispute of material fact, given the large divergence of court opinions.

Under the approach set out in Safeco, the factors for determining reasonableness show that HLC is not liable for willfully violating the law. HLC's interpretation is consistent with the statutory text, the Eighth Circuit has not adopted any standard for determining whether a lender has made a firm offer of credit, and other courts have been persuaded by arguments similar to HLC's. At the time of the mailing, there was a lack of judicial or administrative guidance. One circuit opinion – Cole – had concluded, in a completely different context, that the "some value" requirement should be added to the statutory text. I agreed with Cole's approach in denying the motion to dismiss, but that does not mean that the claim of willfulness survives the summary judgment challenge here. Under

Safeco, there is no genuine dispute: because HLC's interpretation is not objectively unreasonable, HLC is entitled to summary judgment on the willfulness issue, which resolves the entire case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Home Loan Center, Inc.'s motion for summary judgment [#26] is granted.

**IT IS FURTHER ORDERED** that all other pending motions [#21, #25, #36, #37] are denied as moot.

A separate judgment will be entered this same day.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2007.